UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                            :

SECURITIES AND EXCHANGE
COMMISSION,                                                 :

               Plaintiff,                                 :

                                                            :    18-CV-2977 (JGK)
               v.                                     :

LONGFIN CORP., VENKATA S.                :
MEENAVALLI, AMRO IZZELDEN
ALTAHWI a/k/a ANDY ALTAHAWI,        :
SURESH TAMMINEEDI, and DORABABU
PENUMARTHI,                                       :

              Defendants.                         :
------------------------------------------------------X

# DEFENDANT LONGFIN CORP.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY RELIEF

LOEB & LOEB LLP
Jay K. Musoff
John A. Piskora
345 Park Avenue
New York, NY 10154
Main: (212) 407-4000
Fax: (212) 407-4990

*Attorneys for Defendant
LongFin Corp.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT ......................................................................................................................... 4

    THE COMMISSION HAS FAILED TO MEET ITS BURDEN OF ESTABLISHING SECONDARY LIABILITY AGAINST LONGFIN FOR ANY PURPORTED SECURITIES ACT VIOLATION ......................................... 4

        A.    THE COMMISSION HAS FAILED TO ESTABLISH A SECTION 5 VIOLATION BY THE INDIVIDUAL DEFENDANTS AND, THEREFORE, SECONDARY LIABILITY CANNOT ARISE .................. 4

        B.    THE COMMISSION HAS OTHERWISE FAILED TO ESTABLISH SECONDARY LIABILITY AGAINST LONGFIN .............. 5

CONCLUSION ....................................................................................................................... 8

# TABLE OF AUTHORITIES

## CASES

**Page(s)**

*SEC v. Cavanagh*,
    155 F.3d 129 (2d Cir. 1998)......................................................................................4

*SEC v. Kern*,
    425 F.3d 143 (2d Cir. 2005) .....................................................................................7

*SEC v. M&A West*,
    538 F.3d 1043 (9th Cir. 2008) ..................................................................................7

*SEC v. Ralston Purina Co.*,
    346 U.S. 119 (1953) .................................................................................................5

*Smith v. SEC,*
    653 F.3d 121 (2d Cir. 2011) .....................................................................................4

## STATUTES

Securities Act of 1933 ............................................................................................*passim*

Defendant LongFin Corp. ("LongFin" or the "Company") respectfully submits this memorandum of law in opposition to Plaintiff Securities and Exchange Commission's (the "Commission") motion for preliminary relief related to alleged violations of Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act").

As established by the opposition papers filed by the individual defendants – which evidentiary materials and legal arguments are expressly adopted and incorporated herein by LongFin – the Commission has wholly failed to establish any primary violation of the Securities Act by defendants Altahawi, Tammineedi, or Penumarthi, and the Commission's request for any preliminary relief as against LongFin should be denied on this basis alone. Separately and independently, the Commission's request for relief as against LongFin must be denied, and the April 4, 2018 Temporary Restraining Order (District Court Judge Kimba Wood) vacated as against LongFin, because the Commission has failed to meet its burden of establishing secondary liability against the Company.

## **PRELIMINARY STATEMENT**

LongFin is a financial technology company whose Class A common shares began trading as a listed security on the NASDAQ exchange on December 13, 2017. The Company acquired certain blockchain technology (*i.e.*, one of the technologies that permits the recording of transactions in cryptocurrencies, such as Bitcoin), and Longfin's share price significantly increased apparently as a result of the market bubble formed by the public's then-rampant speculation in cryptocurrencies and related technologies (notwithstanding LongFin's lack of revenues, limited corporate existence and operations, and public disclosure that the Company's then-market valuation was unjustified). Now that the cryptocurrency bubble has "popped," the Commission has initiated this action, purportedly to protect the very stock speculators who failed

to heed the Company's warning concerning its unjustified market valuation, wrongly asserting that defendants Altahawi, Tammineedi, and Penumarthi allegedly violated the Securities Act by selling LongFin shares. Not only has the Commission failed to establish even an inference of any primary violation of the Securities Act by Altahawi, Tammineedi, and Penumarthi, but the Commission has wholly failed to present any evidence supporting its speculative and baseless argument that it is entitled to relief against LongFin because the challenged share sales should somehow be viewed as "a single distribution of shares to the public." *See* Mov. Br. at 20.

As an initial matter, the Commission's motion for preliminary relief against Longfin must be denied on the threshold ground that the Commission has failed to establish any primary violation of the Securities Act. Contrary to the Commission's assertions, the evidence submitted by the defendants in opposition establishes that defendants Tammineedi and Penumarthi (neither being a LongFin "affiliate") did not sell any "restricted" shares. Rather, they acquired shares via the Company's Regulation A offering and, thus, the shares sold by them were freely tradeable and their sale did not violate the Securities Act.

Nor did the Commission establish a *prima facie* violation of the Securities Act by defendant Altahawi. While the Commission concedes (as it must) that Altahawi was issued LongFin shares pursuant to a February 1, 2017 consultancy agreement (the "Consulting Shares"), the Commission admits that it never even reviewed that written agreement prior to bringing the current motion. The consultancy agreement, together with the undisputed testimony of both Altahawi and Meenavalli, establish that Altahawi acquired 3% of LongFin's outstanding shares (pre-offering) on February 1, 2017. Thus, his sale of a portion of those shares in March 2018 – more than a year after the shares were acquired, nine months after his resignation as LongFin's secretary, and only after he obtained an appropriate legal opinion – did not violate the Securities

Act in any way, but was permitted pursuant to SEC Rule 144 and Section 4 of the Securities Act. And while Altahawi also acquired a total of 121,000 LongFin shares from individual separate investors, all of these shares were free trading and carried no restrictions as they were sold by LongFin to the original investors as part of the Company's Regulation A offering. The Commission's motion for preliminary relief must therefore be denied as against LongFin as the Commission has failed to establish any primary violation of the Securities Act.

Independently, the Commission's motion should be denied with respect to the Company because it has failed to establish any basis for the imposition of secondary liability against LongFin. While the Commission speculates, without any evidentiary support, that there was a purported singular wrongful scheme to make unregistered distributions of LongFin shares to the public, the factual evidence (summarized below) is fully to the contrary. For this independent reason, the Commission's motion as against the Company should be denied in its entirety.

## STATEMENT OF FACTS RELEVANT TO THE MOTION

LongFin incorporates herein the factual submissions made by the individual defendants, including but not limited to the declarations (with exhibits) of the individual defendants, as well as the declaration of non-party Philip Magri, Esq.

# ARGUMENT

## THE COMMISSION HAS FAILED TO MEET ITS BURDEN OF ESTABLISHING SECONDARY LIABILITY AGAINST LONGFIN FOR ANY PURPORTED SECURITIES ACT VIOLATION

In order to obtain preliminary relief as against LongFin, the Commission cannot rest upon speculative theories, but must establish "either a likelihood of success on the merits, or that an inference can be drawn that [LongFin] has violated the securities laws." *Smith v. SEC,* 653 F.3d 121, 128 (2d Cir. 2011) (*quoting SEC v. Cavanagh*, 155 F.3d 129, 132 (2d Cir. 1998)). The Commission has wholly failed to do so here and thus, the current motion should be denied and the Court's April 4, 2018 Temporary Restraining Order (District Court Judge Kimba Wood) vacated as against LongFin.

### A. THE COMMISSION HAS FAILED TO ESTABLISH A SECTION 5 VIOLATION BY THE INDIVIDUAL DEFENDANTS AND, THEREFORE, SECONDARY LIABILITY CANNOT ARISE

LongFin adopts and incorporates herein the factual submissions and legal arguments set forth in the opposition papers of defendants Meenavalli, Altahawi, Tammineedi, and Penumarthi, which establish that there was no primary violation of the Securities Act because:

(1) defendants Tammineedi and Penumarthi did not sell any "restricted" shares, but rather acquired free trading shares via the Company's Regulation A offering and, as individual investors and non-affiliates of the Company, could properly sell their shares at any time (*see* Ind. Defs. Mem. at 13, 22-24);

(2) defendant Altahawi similarly properly acquired and sold 121,000 freely tradeable LongFin shares from ten individual investors and non-affiliates of the Company who acquired the shares as part of the Company's Regulation A offering (*see id.* at 12-13, 21-22);

4

(3) defendant Altahawi's sales of his Consulting Shares were proper: (a) under Rule 144(b)(1), as Althawali was not an affiliate of LongFin (*see id.* at 16-17) and satisfied the one-year holding period (*see id.* at 17-18); and (b) under Rule 144(d)(1), as Althawali was not an affiliate and satisfied the six-month holding requirement, and the Company (a reporting company for at least 90 days) was current in its SEC filings (*see id.* at 18-20).

Where, as here, the Commission has failed to establish any primary violation of the Securities Act, there can be no secondary liability as against LongFin. For this reason alone, the Commission's motion should be denied as against LongFin. *See SEC v. Ralston Purina Co.*, 346 U.S. 119, 126 (1953).

## B. THE COMMISSION HAS OTHERWISE FAILED TO ESTABLISH SECONDARY LIABILITY AGAINST LONGFIN

Even if there was some purported impropriety concerning the individual defendants' sale of LongFin shares – and there was no such impropriety – the Commission has wholly failed to establish, via credible evidence, any theory of liability as against LongFin to support its request for preliminary relief as against the Company. For this independent reason, the Commission's motion should be denied as against LongFin.

In its moving papers, the Commission argues that LongFin purportedly cannot rely upon the exemptions of Section 4(a)(2), Regulation D, or Section 4(a)(5) in regard to the Company's issuance of the Consulting Shares to Altawali because, the Commission speculates, that issuance was just a part of a wrongful scheme that should be viewed as a "single actual transaction with multiple stages." *See* Mov. Br. at 20. But the Commission has failed to present *any actual evidence* to support its speculative theory of a single wrongful scheme, and its motion should be denied as against the Company for this reason alone. *See* Mov. Br. at 20 & n.5 (claiming that if

5

expedited discovery is granted *"it may shed further light"* on whether LongFin somehow benefitted from the challenged stock sales) (emphasis added).

Moreover, and contrary to the Commission's speculative theory, the evidence submitted by defendants in opposition wholly belies the notion of any wrongful scheme, as:

(1) Altahawi was an experienced securities consultant, who received the Consulting Shares pursuant to a written agreement that was repeatedly disclosed in LongFin's filings with the Commission (*see* Altahawi Decl. at ¶¶ 3-11 and Exh. A (Consulting Agreement), Exh. B (relevant disclosures in SEC filings));

(2) Altahawi made the independent decision to sell his LongFin shares, but only after he had held those shares for over one year and only after obtaining an appropriate legal opinion from counsel (*see id.* at ¶¶ 20-26 ("…I made all of my own independent decisions on acquiring and selling LongFin shares and I was never under the control of the Company or Meenavalli its Chairman.") and Exh. F (Opinion Letter));

(3) Tammineedi and Penumaarthi similarly exercised their own independent analysis in choosing to sell their shares (which were at all times freely tradeable in any event) (*see* Tammineedi Decl. at ¶¶ 10-12; Penumaarthi Decl. at ¶ 11); and

(4) The individual defendants (other than Meenavalli, the Company's CEO, who is not alleged to have sold any of his LongFin shares) have no ongoing corporate position in the Company or relation to each other (by blood, marriage and/or by ongoing business relations). *See* Meenavalli Decl. at ¶¶ 32-43; Altahawi Decl. at ¶ 26; Penumarthi Decl. at ¶¶ 6-9, 11, 13; Tammineedi Decl. at ¶¶ 5-9, 13-15.

As there was no wrongful "scheme," there is no basis for relief as against LongFin and the Commission's motion should be denied as against it.

Having failed to make the requisite evidentiary showing, the Commission cannot rely upon a "single transaction" legal theory. *See* Mov. Br. at 20. Moreover, while the Commission attempts to rely upon *SEC v. Kern*, 425 F.3d 143 (2d Cir. 2005) and *SEC v. M&A West*, 538 F.3d 1043 (9th Cir. 2008), those cases actually make clear that the Commission's "single transaction" theory is wholly inapplicable here.

In *SEC v. Kern*, the Second Circuit Court of Appeals concluded that a series of stock sales should be considered part of the "same transaction" as a number of earlier, fraudulent matched-order purchases and sales conducted by the defendants given that "the profitability of [defendant's] scheme was based on the sale of securities to the public *once the price had been manipulated upwards*." *SEC v. Kern*, 425 F.3d at 152-153 (emphasis added). Unlike *Kern*, there is no allegation, let alone evidence, of any stock manipulation or other wrongful conduct in this action, nor any evidence of any scheme or wrongful intent to improperly sell shares to the public.

Nor does *SEC v. M&A West*, 538 F.3d 1043 (9th Cir. 2008) provide any support for the Commission's claim against LongFin. In *M&A West*, the Ninth Circuit Court of Appeals simply rejected defendants' assertion of non-affiliate status, holding that: "Where a single transaction accomplishes both a change in status from affiliate to a non-affiliate and a transfer of stock from that person or entity, the transfer must be viewed as a transfer from an affiliate." *Id.* at 1052 (holding that defendant "was not permitted to tack on the holding periods of the selling shareholders" … "because he acquired his shares from affiliates of the issuer'). Here, there is no claim (nor could there be) that any proposed transaction was designed to defeat any party's affiliate status, nor any claim that the holding period should be satisfied by tacking.

Thus, the Commission's motion should be denied as against LongFin and the Court's April 4, 2018 Temporary Restraining Order vacated as against the Company.

## **CONCLUSION**

For each of the foregoing reasons, Defendant LongFin Corp. respectfully requests that the Court (1) deny Plaintiff's motion for preliminary relief as against the Company in its entirety; (2) vacate the Court's April 4, 2018 Temporary Restraining Order as against the Company; and (3) grant LongFin such other and further relief that the Court deems just and equitable.

Dated: New York, New York
April 17, 2018

LOEB & LOEB LLP

By: /s/ Jay K. Musoff
Jay K. Musoff (JM-8716)
John A. Piskora (JP-1224)
345 Park Avenue
New York, NY 10154
Main: (212) 407-4000
Fax: (212) 407-4990

*Attorneys for Defendant LongFin Corp.*