UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
SECURITIES AND EXCHANGE COMMISSION,    :
                                       :
                         Plaintiff,    :      18cv2977 (DLC)
                                       :
              -v-                      :      OPINION AND ORDER
                                       :
LONGFIN CORP., VENKATA S. MEENAVALLI,  :
AMRO IZZELDEN ALTAHWI a/k/a ANDY       :
ALTAHAWI, SURESH TAMMINEEDI, and       :
DORABABU PENUMARTHI,                   :
                                       :
                         Defendants.   :
                                       :
-------------------------------------- X

APPEARANCES

For plaintiff:
Adam B. Gottlieb
Samantha M. Williams
Stephan J. Schlegelmilch
Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
(202) 551-8299

For defendant:
Robert Heim
Tarter Krinsky & Drogin LP
1350 Broadway
New York, New York 10018
(212) 216-8000


DENISE COTE, District Judge:

On June 19, 2020, more than one year after entering a

consent judgment with the Securities and Exchange Commission

("SEC"), defendant Andy Altahawi moved to modify that judgment

pursuant to Rules 60(b)(5) and (6), Fed. R. Civ. P., because he

did not previously understand the tax consequences of the judgment.  For the reasons that follow, his motion is denied.

## Background

On April 4, 2018, the SEC charged Altahawi and five co-defendants with violating Section 5 of the Securities Act of 1933 (the "Securities Act") by selling securities of Longfin Corporation ("Longfin") in violation of registration requirements of the Securities Act.  In brief, the SEC charged the defendants with fraudulently conducting an initial public offering of Longfin stock purportedly using a registration exemption available under Regulation A in June through December 2017, and making a series of materially misleading statements that artificially increased the price of Longfin stock from December 2017 through March 2018, when the SEC investigation was disclosed to the public.  The SEC alleged that Altahawi sold 475,751 shares of Longfin stock in the public market between February 8, 2018 and March 23, 2018, reaping profits of over $25 million from the sale.

On June 7, 2019, a consent judgment was entered against Altahawi, holding him liable for disgorgement in the amount of $21,090,81 and $2,980,425 in civil penalties (the "Consent Judgment").  The Consent Judgment did not include an admission of liability.  Altahawi's co-defendants also entered consent judgments with the SEC in June and August of 2019.  On April 15,

2020 the SEC moved for an Order establishing a Fair Fund, and the distribution plan for the Fair Fund was approved on June 30.

On June 19, Altahawi filed the instant motion requesting that the Consent Judgment be modified to add language stating this his payments to the SEC were in the form of restitution or to come into compliance with the law, rather than disgorgement, so that he may avoid paying "millions of dollars in capital gains taxes." Altahawi explains that pursuant to Section 162(f) of the Internal Revenue Code (the "Code") his payments to the SEC will be deductible if the Consent Judgment is modified to state that the payments are either restitution or an amount paid to come into compliance with the law. See I.R.C. § 162(f)(2) (2017). The SEC opposed Altahawi's motion on July 10, and the motion became fully submitted on July 17.

## Discussion

Altahawi seeks to modify the Consent Judgment pursuant to Rules 60(b)(5) and (6), Fed. R. Civ. P. The SEC argues that modification of the Consent Judgment under either subsection of Rule 60(b) is not warranted.

I.  Rule 60(b)(5)

Rule 60(b)(5) provides that "a court may relieve a party or its legal representative from a final judgment, order, or proceeding" when "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been

reversed or vacated; or applying it prospectively is no longer
equitable." Fed. R. Civ. P. 60(b)(5).  Altahawi seeks relief
pursuant to the third clause of Rule 60(b)(5), which permits
relief from a judgment with prospective application that is no
longer equitable.  Altahawi contends that the Consent Judgment
applies prospectively because the tax treatment of Altahawi's
payments to the SEC "ha[s] not been determined yet."

Insofar as the Consent Judgment characterizes the payments
owed by Altahawi to the SEC as disgorgement and civil penalties,
the Consent Judgment does not have prospective application
within the meaning of Rule 60(b)(5).  As the Second Circuit has
explained, the prospective application clause of Rule 60(b)(5)
is rooted in the "traditional power of a court of equity to
modify its decree in light of changed circumstances." Tapper v.
Hearn, 833 F.3d 166, 170 (2d Cir. 2016) (citation omitted).
"That a court's action has continuing consequences . . . does
not necessarily mean that it applies prospectively for the
purposes of Rule 60(b)(5)." Id. (citation omitted).  "Such a
broad interpretation of this provision would render the word
'prospectively' superfluous and eviscerate the principle of
finality." Id.

Rather, "a final judgment or order has 'prospective
application' for purposes of Rule 60(b)(5) only where it is
executory or involves the supervision of changing conduct or

conditions."  Id. at 170-71 (citation omitted).  "In practical

terms, . . . judgments involving injunctions have prospective

application, while money judgments do not."  DeWeerth v.

Baldinger, 38 F.3d 1266, 1275 (2d Cir. 1994) (citation omitted).

When a party invokes Rule 60(b)(5) to seek alteration of a

judgment that has been entered upon consent, that party must

establish that "a significant change in circumstances warrants

the modification."  Barcia v. Sitkin, 367 F.3d 87, 99 (2d Cir.

2004) (citation omitted).  "This burden may be met by showing

that there has been a significant change either in factual

conditions or in law."  Id. (citation omitted).

No change in facts or law warrants the modification of the

Consent Judgment.  The tax treatment of Altahawi's payments to

the SEC has remained the same since he entered the Consent

Judgment on June 7, 2019.  While Altahawi has waited over one

year to argue that his payments should be labeled restitution or

payments made to come into compliance with the law so that he

may deduct them pursuant to I.R.C. § 162(f), this provision of

the Code has been in effect since December 22, 2017 -- long

before Altahawi consented to the entry of the Consent Judgment.

See I.R.C. § 162(f), as amended by the Tax Cuts and Jobs Act,

Pub. L. No. 115-97, 131 Stat. 2054 (2017).

Undeterred, Altahawi states simply that he did not

understand the tax consequences of his decision until January

2020.  But it should come as no surprise that the finality of a
judgment may not be disrupted due to a party's alleged ignorance
of the law.  A party's belated recognition of the consequences
of his decision is not the changed circumstances envisioned by
Rule 60(b)(5).

   II.  Rule 60(b)(6)

    Rule 60(b)(6) permits a court to relieve a party from a
judgment for "any other reason that justifies relief," Fed. R.
Civ. P. 60(b)(6), "when the asserted grounds for relief are not
recognized in clauses (1)-(5) of the Rule." Nemaizer v. Baker,
793 F.2d 58, 63 (2d Cir. 1986) (citation omitted).  Rule
60(b)(6) represents a "grand reservoir of equitable power to do
justice in a particular case," but "that reservoir is not
bottomless." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir.
2012) (citation omitted).  Accordingly, it is "properly invoked
only when there are extraordinary circumstances justifying
relief," and "when the judgment may work an extreme and undue
hardship." Nemaizer, 793 F.2d at 63 (citation omitted); see
also Rinieri v. News Syndicate Co., 385 F.2d 818, 822 (2d Cir.
1967) (referring to the scope of Rule 60(b) as "extremely
meagre.").

    Altahawi argues that he will suffer an extreme and undue
hardship if the Consent Judgment is not modified because he will
not be able to deduct these payments from his capital gains tax.

But, Rule 60(b)(6) is not intended to relieve a party from an agreement that he voluntarily entered but now regrets. Dissatisfaction of this kind does not merit this extraordinary relief.

Additionally, when a party requests relief under Rule 60(b) due to "mistake, inadvertence, surprise, or excusable neglect," -- as Altahawi does here in arguing that he did not previously understand the tax consequences of the Consent Judgment -- he must do so under Rule 60(b)(1).  Fed. R. Civ. P. 60(b)(1). "Rule 60(b)(1) and Rule 60(b)(6) are "mutually exclusive, such that any conduct which generally falls under the former cannot stand as a ground for relief under the latter." Stevens, 676 F.3d at 67 (citation omitted)).  Altahawi, therefore, cannot use a Rule 60(b)(6) motion, which need only be brought "within a reasonable time," to avoid the one-year limitations period of Rule 60(b)(1).  Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

## Conclusion

Altahawi's June 19, 2020 motion to alter the Consent Judgment of June 7, 2019 is denied.


Dated:    New York, New York
          July 21, 2020


_____
                            DENISE COTE
                  United States District Judge